EXHIBIT A TO SC LBR 3015-1
UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO:   17-05116-jw |
| | ) | CHAPTER:  13 |
| Alfonsia Pearson | ) | |
| | ) | NOTICE, CHAPTER 13 PLAN, |
| | ) | MOTIONS TO VALUE SECURITY, AVOID |
| | ) | JUDICIAL LIEN, AVOID A NONPURCHASE- |
| | ) | MONEY, NONPOSSESSORY SECURIT INTEREST |
| | ) | AND LIEN, AND/OR TO ASSUME OR REJECT AN |
| Debtor(s) | ) | EXECUTORY CONTRACT/UNEXPIRED LEASE |

**I.    NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[1] has filed a chapter 13 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 13 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document** A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Court's form plan (See exhibits to SC LBR 3015-1 and 3015-2, "SC LBR" refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as "Not Applicable" or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

B. DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is served. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

**II.    MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

A.    <u>Nonpossessory, Nonpurchase-Money Lien:</u>  The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

---

[1]    When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Total of all other liens | Exemption claimed | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| | | | | | | |

B. <u>Judicial Lien:</u> The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien.[2]

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of all senior/ unavoidable liens | Applicable Exemption and Code Section | Value of the debtors interest in property | Judicial lien not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| | | | | | | |

C. <u>Valuation of Security:</u>    The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of the lien as follows:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| | | | | | |

D. <u>Assumption of Rejection of Executory Contract/Unexpired Lease:</u> The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| | | | | |

---

[2] For co-owned property, see <u>In re Ware</u>, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

III.    **THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.**

A. <u>Payments from the debtor to the chapter 13 trustee (the "trustee"):</u>    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

As provided for in Operating Order of the judge assigned to this case ("Operating Order"), which is incorporated herein by reference, this plan provides for the Debtor to make Mortgage Payments to the Trustee on a conduit basis. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

The debtor shall pay to the trustee the sum of **$ 1525.00**       per month for a period of (  60       ) months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

Except for the initial disbursement after confirmation,[2] which is addressed in IV. A.A below, the Trustee shall apply any funds received in the order set forth below:

1. Trustee percentage fees;
2. Ongoing Conduit Mortgage Payments;
3. All other secured claims (including but not limited to Pre-petition Mortgage Payments, Gap Payments, and Post-petition Charges) and Debtor's attorney's fees included in the Chapter 13 Plan, on a *pro rata* basis;
4. Priority unsecured claims on a *pro rata* basis;
5. General unsecured claims on a *pro rata* basis.

Nothing in this plan should be interpreted to impair the right of any party in interest to seek the appropriate relief from the Court as a result of the Debtor's failure to make Conduit Mortgage Payments or Plan Payments to the Trustee.

The Trustee is authorized to increase Debtor's monthly plan payments by the amount necessary to fund the Plan if the Plan becomes no longer mathematically viable due to the filing of any of the following:

1. Notice of Mortgage Payment Change;
2. A Compliant POC or any amendments thereto; or
3. Notice of Post-Petition Fees, Expenses, and Charges (subject to ¶ IV(B)(3)(d) below)

The Trustee may make these payment changes by filing a **Trustee's Notice of Plan Payment Change** and providing notice to the Debtor and Debtor's attorney.

**An increase in Conduit Mortgage Payments may decrease the dividend, if any, paid to general unsecured creditors. Unless the Debtor is required to pay specific dollar amount to priority and/or general unsecured creditors under 11 U.S.C. § 1325(a) or (b), the Trustee is not required to seek an increase in plan payments in order to achieve or maintain a certain dividend to general unsecured creditors.**

Nothing herein shall prevent the Debtor from seeking a reduction in plan payments in the event the Conduit Mortgage Payment decreases for any of the reasons listed in this section.

---

[2] Nothing in this section is intended to alter the provisions of SC LBR 3015-1 and the exhibits thereto, which provide that following confirmation of the plan, the Trustee shall make an initial fee disbursement to the attorney for the Debtor.

    4. Secured portion of claims altered by valuation and lien avoidance: The trustee shall pay _____ the sum of **$0.00** or more per month, along with **0 %** interest until the secured claim of $ **0.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

    5. Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien): The trustee shall pay the sum of **$276.00** or more per month to Regional Finance _____, along with interest at the rate of **5.25 %** until the allowed secured claim is paid in full. **(2014 Dodge Caravan)**

    6. Surrender of property: The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: NONE. Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property).

    7. Secured tax debt: The trustee shall pay **(creditor name)** the sum of $ **(payment amount)** or more per month until the **(net balance or value)** or creditor's secured claim plus **(percentage) %** interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

    C. Priority Creditors: Priority claims shall be paid as follows:

    1. Domestic Support Claims. U.S.C. § 507(a) (1):

    a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to **(name of DSO creditor),** at the rate of $ **(amount)** or more per month until the balance, without interest, is paid in full.

    b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a) (1) and 11 U.S.C. 1322(a) (2).)

    2. Other Priority debt. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

    D. Executory Contracts and Unexpired Leases: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of

the sum of $ **(payment amount)** or more per month by the trustee or the debtor according to paragraph II (D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

   E. <u>General Unsecured Creditors:</u> General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor does **not** propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Date: Oct 31, 2017                BY: _____
                                  A. Paul Weissenstein, Jr.
                                  Attorney for the Debtor
                                  PO Box 2446
                                  Sumter, SC 29151
                                  803-418-5700
                                  District Court I.D. 4571

_____            _____
Debtor                                      Debtor

## CERTIFICATE OF SERVICE

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the court.

See attached mailing matrix

```
Label Matrix for local noticing      PRA Receivables Management       J. Bratton Davis United States
0420-2                               POB 41067                        Bankruptcy Courthouse
Case 17-05116-jw                     NORFOLK, VA 23541-1067           1100 Laurel Street
District of South Carolina                                            Columbia, SC 29201-2423
Charleston
Tue Oct 31 11:09:42 EDT 2017

Caine & Weiner                       Capital One                      Clarendon County Tax Assessor
21210 Erwin Street                   Po Box 30281                     411 Sunset Dr
Woodland Hills CA 91367-3714         Salt Lake City UT 84130-0281     Manning SC 29102-2423


Internal Revenue Services            Mcleod Health                    Midland Funding
PO Box 7346                          10 E Hospital St                 2365 Northside Dr Ste 30
Philadelphia PA 19101-7346           Manning SC 29102-3153            San Diego CA 92108-2709


Mohela/dept Of Ed                    (p)PORTFOLIO RECOVERY ASSOCIATES LLC    REGIONAL MANAGEMENT CORPORATION
633 Spirit Dr                        PO BOX 41067                     979 BATESVILLE ROAD, SUITE B
Chesterfield MO 63005-1243           NORFOLK VA 23541-1067            GREER, SC 29651-6819


Receivable Solutions                 Regional FInance                 Scott & Corley, PA
PO Box 21808                         103 S Brooks St                  PO Box 2065
Columbia SC 29221-1808               Manning SC 29102-3111            Columbia SC 29202-2065


Seterus Inc                          South Carolina Department of Revenue   Title Max
14523 Sw Millikan Way St             PO Box 12265                     483 W Boyce St
Beaverton OR 97005-2352              Columbia SC 29211-2265           Manning SC 29102-2615


US Dept of EducationMOHELA           A. Paul Weissenstein Jr.         Alfonsia Pearson
633 Spirit Dr                        106 Broad Street                 1217 Edna Rd
Chesterfield, MO 63005-1243          Sumter, SC 29150-4207            Manning, SC 29102-4218


James M. Wyman                       US Trustee's Office
PO Box 997                           Strom Thurmond Federal Building
Mount Pleasant, SC 29465-0997        1835 Assembly Street
                                     Suite 953
                                     Columbia, SC 29201-2448
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE: )  CASE NO: 17-05116 -jw
Alfonsia Pearson )  CHAPTER 13
)
)
)  DEBTOR'S STATEMENT
)  IN SUPPORT OF CONFIRMATION
)
DEBTOR(S) )

In connection with the plan dated __10/31/17__, the debtor(s) hereby state that they understand the following:

(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee and / or directly to creditors;

(2) The consequences of any default under the plan including the direct payments to creditors; and

(3) That debtor(s) may not agree to sell property, or employ professionals, or incur debt (including modification of debt) during the term for the plan without the advance authorization of the Bankruptcy Court.

Date: __10/31/17__        By: _[signature]_

Date: _____   By: _____